FRANK CONSENTINO AND ENRICO QUINTIERI v. SAMUEL GELDSEILER.

Decided November 16, 1926.

**Negligence—Injury to Passengers in Automobile in Collision With Another Automobile—Defendant Alleged Contributory Negligence on Part of Driver of Car in Which Plaintiffs Were—Held, That it is Immaterial Whether the Driver of the Car in Which Plaintiffs Were Riding was Negligent or Not—Awards Examined and Held Not Excessive.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Palmer Bradner.*

*Contra, Harry Kalisch.*

PER CURIAM.

This suit arose out of an accident that occurred on the afternoon of March 14th, 1925, at the intersection of Market and Mill streets, in the city of Paterson. The plaintiffs, Consentino and Quintieri, were passengers in an automobile owned and driven by one Antennucci. This car was traveling south on Mill street toward Market street. As it was crossing the intersection, the defendant's car, which was being driven west on Market street, collided with that in which the plaintiffs were riding, and, as a result of the collision, the plaintiffs received the injuries to recover for which the present suit was instituted. The trial resulted in verdicts for the plaintiffs, the jury awarding Consentino $2,500 and Quintieri $7,500.

The only grounds upon which we are asked to set aside these verdicts is that they are contrary to the weight of the evidence, and that the awards to the two plaintiffs are each of them excessive.

As to the first contention: Our examination of the testimony satisfies us that the jury was entirely justified in finding that the collision was due, partly, at least, to the carelessness of the defendant. This being so, it is immaterial whether the driver of the car in which the plaintiffs were riding as passengers was also negligent or not.

As to the amount of the verdict in favor of Consentino: As a result of his injuries he lost in wages, according to his own testimony, almost $1,000 and incurred expenses in the shape of doctors' bills amounting to $70. There was no evidence to the contrary. The jury was justified in finding that he had received a fracture of the left fibula, and an injury to the knee joint, which produced chronic arthritis. In view of these facts, this verdict seems to us to be very moderate.

The verdict in favor of Quintieri was $7,500, as has already been stated. He also lost in wages, according to the testi-

mony given by him, about $1,000, and his doctors' bills were over $100. According to the testimony of medical experts called in his behalf, he sustained a fracture of the spine in the lumbar region, and this fracture affected injuriously the muscles of the leg and the nerves leading from the spinal column through the broken portion thereof and down through the leg. These experts also testified that the injury was permanent. The jury evidently accepted this evidence, rather than contradictory testimony given by experts called on behalf of the defendant, and this it, of course, had a right to do. We cannot say that $6,400 was an excessive award for injuries of that character and for the pain and suffering resulting therefrom.

The rule to show cause will be discharged.